## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| CHESTER CRELLER,          ) | |
|        Petitioner,          ) | |
| v.                                        ) | Case No. CIV-20-01059-PRW |
| SCOTT CROW,               ) | |
|        Respondent.          ) | |

### ORDER

Before the Court are United States Magistrate Judge Gary M. Purcell's Report and Recommendation (Dkt. 7) and Petitioner's Objection to Magistrate Judge's Report and Recommendation (Dkt. 8). The Court **ADOPTS** Magistrate Judge Purcell's Report and Recommendation (Dkt. 7) and **DISMISSES** Petitioner's Petition for a Writ of Habeas Corpus Under 28 U.S.C. § 2254 (Dkt. 1) for the reasons that follow.

On October 19, 2020, Petitioner, Chester Creller, filed a Petition for a Writ of Habeas Corpus Under 28 U.S.C. § 2254 (Dkt. 1) challenging his state court convictions for Rape in the First Degree and Forcible Oral Sodomy. The Court then referred this matter to United States Magistrate Judge Gary M. Purcell for initial proceedings consistent with 28 U.S.C. § 636(b)(1)(B) and (C).

Magistrate Judge Purcell subsequently issued his Report and Recommendation (Dkt. 7) recommending that the Court dismiss the Petition for a Writ of Habeas Corpus Under 28 U.S.C. § 2254 (Dkt. 1) as untimely under 28 U.S.C. § 2244(d)(1), which contains

1

a one-year statute of limitations. The Report and Recommendation states that absent statutory or equitable tolling, Petitioner's one-year filing period expired on Monday, December 22, 2003, and that the Petition was not filed until October 19, 2020—years after the statute of limitations had run.[1] The Report and Recommendation explained that any statutory tolling to which Petitioner may be entitled does not render his Petition timely.[2] Moreover, the Magistrate Judge found that Petitioner had failed to allege any circumstances that warrant the application of any equitable tolling principles to extend the limitations period.[3] As such, the Magistrate Judge recommended that the Court decline to review of the merits and dismiss the action as time-barred.[4]

Petitioner filed an objection essentially arguing that he was prevented from pursuing a writ of habeas corpus in a timely manner and that the limitations period is subject to equitable tolling because he is actually innocent of the offense, based on "new" evidence,

---

[1] R & R (Dkt. 7) at 4−5.

[2] The Report and Recommendation notes that Petitioner filed his first application for post-conviction relief on September 19, 2003, tolling his statute of limitations until the OCCA affirmed the state court's denial of his application on February 4, 2004. *Id.* at 5. The statute of limitations then began to run again on February 5, 2004, when Petitioner had 95 days left to timely seek habeas corpus relief. *Id.* But because Petitioner did not file a second application for post-conviction relief until April 7, 2006, well after the 95 days had past, the Magistrate Judge concluded that Petitioner was not entitled to any further statutory tolling. *Id.*

[3] *Id.* at 6−8.

[4] *Id.* at 8−9.

which he claims was not properly considered by the Magistrate Judge.[5] The Court has conducted a de novo review and agrees with the Magistrate Judge that Petitioner has not shown he diligently pursued his claims[6] and has not demonstrated actual innocence. Moreover, upon review, the Court finds that contrary to Petitioner's contention, the Magistrate Judge has considered the evidence and has done so correctly.

Accordingly, after reviewing this matter de novo, the Court agrees that the Petition for a Writ of Habeas Corpus Under 28 U.S.C. § 2254 (Dkt. 1) should be dismissed as untimely for the reasons set forth in Magistrate Judge Purcell's Report and Recommendation (Dkt. 7). Accordingly, the Court hereby **ADOPTS** the Report and Recommendation (Dkt. 7) and **DISMISSES** Petitioner's Petition for a Writ of Habeas Corpus Under 28 U.S.C. § 2254 (Dkt. 1). Moreover, a certificate of appealability is **DENIED**, as the Court has found Petitioner has not made "a substantial showing of the denial of a constitutional right."[7]

---

[5] Petitioner makes other arguments but none pertain to the issue of whether the one year limitations period should be tolled.

[6] The Court notes that Petitioner lists additional obstacles not raised in his Petition, related to conditions of his imprisonment and a lack of access to legal resources, that allegedly caused his delay in filing the instant action. *See* Def.'s Obj. (Dkt. 8) at 2−4. Because this argument was not raised in the Petition, and Petitioner offers no valid excuse for his failure to include this argument in his Petition, the Court rejects this argument as untimely. Even if the Court did consider this argument, however, it is inadequate. In this action, Petitioner primarily raises the same claims he raised in his applications for post-conviction relief, thereby undercutting his argument that lack of access caused his delay in filing this action.

[7] 28 U.S.C. § 2253(c)(2).

**IT IS SO ORDERED** this 29th day of March 2022.

PATRICK R. WYRICK
UNITED STATES DISTRICT JUDGE